**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

NOTICE: Motions for reconsideration must be physically received in our clerk's office within ten days of the date of decision to be deemed timely filed.

https://www.gaappeals.us/rules-1-8/

**October 11, 2023**

# In the Court of Appeals of Georgia

A23A1393. THOMAS v. THE STATE.

BROWN, Judge.

Jonathan Thomas appeals from his conviction of molesting his girlfriend's 11-year-old child. In his sole enumeration of error on appeal, he contends that he is entitled to a new trial because the trial court violated the continuing witness rule by allowing a nine-page medical report created by a pediatrician that examined the child to go out with the jury during their deliberations. Based on Thomas' waiver of this ground of error, we affirm.

"We generally review a trial court's ruling on a continuing witness rule objection for abuse of discretion." *Riley v. State*, 356 Ga. App. 290, 293 (2) (846 SE2d 617) (2020), overruled on other grounds, *Hill v. State*, 360 Ga. App. 143, 146, n.4 (860 SE2d 893) (2021). In Georgia,

[t]he continuing witness rule regulates which documents or recordings go into the jury room with the jury during deliberations and which ones do not. [T]he continuing witness objection is based on the notion that written testimony is heard by the jury when read from the witness stand just as oral testimony is heard when given from the witness stand. But, it is unfair and places undue emphasis on written testimony for the writing to go out with the jury to be read again during deliberations, while oral testimony is received but once.

(Citations and punctuation omitted.) *Lyons v. State*, 309 Ga. 15, 18 (2) (843 SE2d 825) (2020). The continuing witness rule does not apply to the jury's review of a document published in open court at the time it is admitted. Cf. *Liggett v. State*, 353 Ga. App. 522, 525 (2) (838 SE2d 608) (2020). Nor does it "prevent the replaying of recorded statements in the courtroom at the jury's request during deliberations." (Citation and punctuation omitted.) Id. at 15, 19 (2).

"[O]bjections must be made with specificity to enable the trial court to intelligently rule on the objection and to create a clear record for the appellate court." (Citation and punctuation omitted) *Hurt v. State*, 298 Ga. 51, 54 (2) (779 SE2d 313) (2015). "Failure to raise [an] issue deprives the trial court of the opportunity to take appropriate remedial action and waives appellate review of any alleged impropriety." (Footnote omitted.) *Weldon v. State*, 297 Ga. 537, 541 (775 SE2d 522) (2015). As

with any other objection, a continuing witness rule objection may be waived. See, e.g., *Evans v. State*, 253 Ga. App. 71, 75 (1) (558 SE2d 51) (2001).

In this case, the State correctly asserts that Thomas waived his continuing witness objection. The record shows that before the State called the pediatrician as a witness, it notified the trial court that it intended to introduce a medical record and noted that it had "redacted portions about trial and the mistrial." When the trial court asked if defense counsel had seen the exhibit, the State advised: "Defense counsel has seen it. It's my understanding she does not object to those redactions. She is intending on objecting to the record coming in, period. And we'll address that when the Doctor is on the stand." Defense counsel confirmed that she had no objection to the redactions and then stated that she would like to go ahead and put her "objection on the record as to the report." With the trial court's permission, she then stated:

> Part of the Doctor's report is a paternal history and as part of the paternal history, the father recounts the incidences that the child disclosed and I would say that those should not be included and sent back with the jury as being cumulative and bolstering a witness' testimony. There is also behavior that follows both disclosures that I don't feel is relevant to the charge that Mr. Thomas is here for. This is behavior that was exhibited post disclosure. While I'll admit that this situation may have had some impact on this child, that those are not issues, that that would simply prejudice the jury as to Mr. Thomas as far

3

as her behavior following these disclosures. And I believe that there are at least two paragraphs recounting the incident and one, two, three paragraphs that discuss her behavior following the alleged incidences. And I'd ask that those not be allowed and that the jury not hear about those. If the father wants to come in and testify, then he's here to testify to whatever he needs to and they ask him whatever questions. But as far as the recounting of the incidences, he's not present so I'd ask that those be removed as well as the behavior.

After hearing from the State, the trial court ruled that it was "going to admit the evidence." During the doctor's testimony, defense counsel renewed her previous objections to admission of the doctor's report. When the State offered to publish the report to the jury with a copy for each individual, Thomas' counsel stated: "Your Honor, as to publishing that to the jury, I would prefer that they have it when they go out and not to distract from any other testimony that may come in." The trial court concurred, and the State concedes in its brief to this Court that the medical report later went out with the jury during their deliberations.

Based on our review of the totality of the objection raised by Thomas' counsel, it cannot reasonably be understood to raise a continuing witness rule concern. Instead, counsel raised two concerns to admission of portions of the document regarding the father's statements about the child's disclosure — that they were cumulative and

4

bolstering. Additionally, when the document was actually admitted, counsel induced a continuing witness error by suggesting that the medical report *not* be published to the jury at that time, but instead go out with the jury during their deliberations. We therefore find that Thomas' counsel waived any objection to a continuing witness rule violation and that to the extent a plain error analysis should be applied to a continuing witness rule violation, it does not apply to invited error. See *Adkins v. State*, 301 Ga. 153, 156 (2) (800 SE2d 341) (2017) ("Although we may take notice of plain errors . . . even when an error is not brought to the attention of the trial court, OCGA § 24-1-103 (d), where invited error exists, it precludes a court from invoking the plain error rule and reversing.") (citations and punctuation omitted); *Rainwater v. State*, 300 Ga. 800, 802 (2), n.3 (797 SE2d 889) (2017) (declining to address whether violation of continuing witness rule should be reviewed for plain error, but commenting that "the continuing witness rule itself was unaffected by the enactment of the new Evidence Code" in 2013). We therefore affirm the trial court's denial of Thomas' motion for new trial.

*Judgment affirmed. McFadden, P. J., and Markle, J., concur*.